# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 15 <br> ) <br> ) Case No. 09-12123 (KJC) <br> ) <br> ) Jointly Administered <br> ) <br> ) **Re: D.I. 98** |
| FRASER PAPERS INC., et al.,[1] | |
| Debtors in Foreign Proceedings. | |

## ORDER AUTHORIZING AND APPROVING (I) SALE PROCEDURES, (II) NOTICE PROCEDURES, (III) SETTING A DATE FOR SALE HEARING, AND (IV) RECOGNIZING THE CANADIAN APPROVAL AND SALES PROCESS ORDER

Upon the motion (the "Motion"),[2] of Fraser Papers Inc. ("Fraser") as foreign representative of Fraser and its affiliated captioned debtors and participants (collectively, with Fraser, the "Debtors") in a proceeding (the "Canadian Proceeding") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), for entry of orders under Bankruptcy Code sections 105 and 363, Bankruptcy Rules 2002, 6004 and 9014 and Local Rule 6004-1, (i)(a) authorizing and approving sale procedures (the "Sale Procedures") attached to the Motion as <u>Exhibit D</u> in connection with the proposed sale (the "Transaction" or "Sale") of the Purchased Assets, as more fully set forth in that certain asset purchase agreement (the "Sale Agreement") by and between the Debtors and Brookfield Asset Management Inc. or is designate ("Brookfield" or the "Stalking Horse Purchaser"), (b) authorizing and approving the Sale Agreement, (c) authorizing and approving the form of the Sale Procedures Notice, attached

---

[1] These jointly administered cases are those of the following debtors: Fraser Papers Inc., FPS Canada Inc., Fraser Papers Holdings Inc., Fraser Timber Limited, Fraser Papers Limited, and Fraser N.H. LLC.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion or the Sale Agreement, as the case may be.

to the Motion as Exhibit E, and approving the manner of solicitation of bids and notice of the sale (collectively, the "Notice Procedures"), (d) setting the time, date and place of a hearing to consider the sale (the "Sale Hearing"), (e) recognizing the Canadian Approval and Sale Process Order in the United States pursuant to sections 105(a), 1521 and 1525 of the Bankruptcy Code, and (ii) granting them such other and further relief as the Court deems just and proper; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the Declaration of J. Peter Gordon; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

FOUND AND DETERMINED THAT:[3]

A. The court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B. Venue of these cases and the Motion in this district is proper under 28 U.S.C. § 1410.

C. Good and sufficient notice of the relief granted by this Order has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order (including, without limitation, with respect to the proposed Sale Procedures) has been afforded to those parties entitled to notice pursuant to Local Rule 2002-1(b).

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See. Fed. R. Bankr. P. 7052.

D.  The Debtors' proposed Notice Procedures, as set forth in the Motion, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the proposed sale and Sale Procedures, and no other or further notice is required.

E.  The Sale Procedures, substantially in the form attached hereto as Exhibit 1, are fair, reasonable, and appropriate and are designed to maximize recovery with respect to the sale of the Purchased Assets. The Debtors have demonstrated that the Sale Procedures substantially conform to the requirements of section 363 of the Bankruptcy Code.

F.  The Termination Fee (as defined in the Sale Agreement) and the reimbursement of expenses as provided for in the Sale Agreement (the "Expense Reimbursement") are the product of extensive arm's-length negotiations between the Debtors and the Stalking Horse Purchaser. Each was a material inducement for, and in consideration of, the Stalking Horse Purchaser's entry into the Sale Agreement. Accordingly, payment of the Termination Fee and Expense Reimbursement under the circumstances described in the Sale Agreement is: (i) an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code; (ii) commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Stalking Horse Purchaser; (iii) reasonable and appropriate, in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that have been made, and the efforts that have been and will be expended by the Stalking Horse Purchaser; and (iv) necessary to induce the Stalking Horse Purchaser to continue to pursue the sale transaction and to continue to be bound by the Sale Agreement.

G.  The Termination Fee and Expense Reimbursement also induced the Stalking Horse Purchaser to submit a bid that will serve as a minimum floor bid on which the Debtors,

3

their creditors, and other bidders may rely. The Stalking Horse Purchaser has provided a material benefit to the Debtors and their creditors by increasing the likelihood that Debtors will receive the best possible price for the Purchased Assets. The Termination Fee and Expense Reimbursement will not have an adverse impact upon the Debtors, their estates, or their creditors. Accordingly, the Sale Procedures, including the Termination Fee and Expense Reimbursement, are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

H. The entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Those portions of the Motion seeking approval of the Sale Agreement, the Sale Procedures, the Notice Procedures and setting a date for the sale hearing are GRANTED.

2. Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest in these chapter 15 cases.

THE SALE PROCEDURES

3. The Sale Procedures attached hereto as Exhibit 1 are hereby APPROVED. Subject to the continuing approval of the Sale Procedures by the Canadian Court in the Canadian Proceeding regarding the Debtors, the Debtors are hereby authorized to conduct a sale of the Purchased Assets pursuant to the Sale Agreement and the Sale Procedures and the terms of this Order.

4. The Sale Procedures shall apply to the Potential Bidders and the conduct of the sale of the Purchased Assets.

5. In accordance with the terms set forth in the Sale Agreement, the Debtors

are authorized to pay, without further order of the Court, to the Stalking Horse Purchaser, the Termination Fee of $2,000,000 and Expense Reimbursement in an amount not to exceed $1,500,000.

6. Nothing herein shall limit the Stalking Horse Purchaser's right to seek payment of fees and expenses contemplated by the Sale Agreement in the Canadian Proceeding.

7. The Sale of the Purchased Assets is consistent with section 363(b)(l)(A) of the Bankruptcy Code and the Debtors' privacy policy, and no consumer privacy ombudsman is necessary in connection with the Sale.

8. To the extent permitted by applicable law, the Stalking Horse Purchaser shall have standing to object to the sale of the Purchased Assets to the Successful Bidder other than the Stalking Horse Purchaser. This Order shall not be a determination regarding the Stalking Horse Purchaser's standing regarding any other issue in connection with the Sale.

NOTICE PROCEDURES

9. The notice, in substantially the same form as annexed to the Motion as Exhibit E, is sufficient to provide effective notice to all interested parties of the proposed sale and Sale Procedures, pursuant to Bankruptcy Rules 2002(a)(2) and 6004, and is hereby approved.

10. As soon as reasonably practicable after entry of this Order, the Debtors (or their agent) shall serve the Sale Procedures Notice, in substantially the form attached as Exhibit E to the Motion, by first-class mail, postage prepaid, upon (i) all taxing authorities or recording offices which have a reasonably known interest in the relief requested; (ii) the U.S. Trustee; (iii) the Monitor; (vi) all federal, state, and local regulatory authorities with jurisdiction over the Debtors; (vii) all non-debtor parties to relevant contracts or leases; (viii) each of the entities that

had received an invitation from the Debtors to acquire or had previously expressed an interest in acquiring the Purchased Assets; and (ix) the general service list established in these chapter 15 cases pursuant to Bankruptcy Rule 2002.

OBJECTION PROCEDURES

11. Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale Agreement or the Sale Procedures shall file a formal objection that complies with the General Objection Procedures as set forth in the Motion. Each objection shall state the legal and factual basis of such objection and may be orally supplemented at the hearing on the Motion.

12. Any and all objections as contemplated by this Order must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules, (d) served in accordance with the Local Rules on the following (collectively, the "Objection Notice Parties"): (i) counsel to the Debtors: Thornton Grout Finnigan LLP, Suite 3200, Canadian Pacific Tower, 100 Wellington St. West, P.O. Box 329, Toronto-Dominion Centre, Toronto, Canada M5K 1K7, (Attention: Michael Barrack, D.J. Miller and Robert Thornton) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott and Ann C. Cordo); (ii) counsel to Brookfield Asset Management Inc., DIP Lender: Torys LLP, Suite 3000, 79 Wellington Street West, Box 270, TD Centre, Toronto, Canada M5K 1N2, (Attention: Tony DeMarinis and Natasha DeCicco), and Torys LLP, 237 Park Avenue, New York, New York 10017 (Attention: Alison D. Bauer), and (iii) counsel to CIT, DIP Lender: Blake, Cassels & Graydon LLP, 199 Bay Street, Suite 2800, Commerce Court West, Toronto, Canada M5L 1A9, and (iv) the Office of the United States Trustee for the District of Delaware, 844 King

Street, Room 2207, Wilmington, Delaware 19801, Fax: (302) 573-6497 (Attn: David P. Klauder), (e) filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 and served on the Objection Notice Parties so as to be received by no later than **February ~~1~~ 2, 2010 at 4:00 p.m. (Eastern Time)** (the "General Objection Deadline") (these procedures collectively referred to as the "General Objection Procedures").

13. All objections to the Motion or the relief requested therein (and all reservations of rights included therein), as it pertains to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

CANADIAN APPROVAL AND SALES PROCESS ORDER

14. Pursuant to sections 105(a), 1521 and 1525 of the Bankruptcy Code, the Canadian Approval and Sales Process Order attached hereto as Exhibit 2 is hereby recognized and given full force and effect in the United States and is enforceable in accordance with its terms.

ADDITIONAL RELIEF

15. The Court hereby schedules a Sale Hearing to be held on ~~February~~ March 2, **2010 at 1:00 p.m. (Eastern Time)** before the Honorable Kevin J. Carey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, to consider the issuance and entry of an order, inter alia, approving the sale of the Debtors' rights, title and interests in and to the Purchased Assets free and clear of all liens, claims, encumbrances, and interests, except as set forth in the Sale Agreement. **February ~~1~~ 2, 2010 at 4:00 p.m. (Eastern Time)** is hereby set as the objection deadline for objections to the Motion (other than the Sale Procedures and Notice Procedures which are hereby approved).

7

16. The Debtors shall file a Notice of Successful Bidder and the form of Sale Agreement, no later than **February 18, 2010.** The Notice shall be served on (i) the U.S. Trustee, (ii) the counsel to the Monitor, and (iii) counsel to the Stalking Horse Purchaser, and (iv) the general service list established in these chapter 15 cases pursuant to Bankruptcy Rule 2002.

17. In the event there is a conflict between this Order and the Motion or the Sale Agreement, this Order shall control and govern.

18. Nothing in this Order or the Motion shall be deemed to or constitute the assumption or assignment of an executory contract or unexpired lease.

19. The Monitor and the Debtors are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order.

20. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation or interpretation of this Order.

21. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted. The Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

Dated: January 5, 2010
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

3128508.1

8