**Exhibit A**

Court File No. CV-09-8241-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| **THE HONOURABLE MADAM** | ) | **TUESDAY, THE 6TH DAY** |
| | ) | |
| **JUSTICE PEPALL** | ) | **OF APRIL, 2010** |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PROPOSED PLAN OF COMPROMISE OR ARRANGEMENT WITH RESPECT TO FRASER PAPERS INC./PAPIERS FRASER INC., FPS CANADA INC., FRASER PAPERS HOLDINGS INC., FRASER TIMBER LIMITED, FRASER PAPERS LIMITED and FRASER N.H. LLC (collectively, the "Applicants")**

## FINAL APPROVAL AND VESTING ORDER

**THIS MOTION**, made by the Applicants for an order seeking final approval of the sale transaction (the "Transaction") contemplated by an asset purchase agreement between the Applicants, as vendors, and Brookfield Asset Management Inc. ("Brookfield") and/or such other Person(s) as it may designate, namely Twin Rivers Paper Company Inc. (the "Canadian Purchaser") as designated purchaser of the Purchased Assets located in Canada (the "Canadian Purchased Assets") and Twin Rivers Paper Company LLC (the "U.S. Purchaser", together with the Canadian Purchaser the "Designated Purchasers") as designated purchaser of the Purchased Assets located in the United States (the "U.S. Purchased Assets"), made as of December 22, 2009, a clean and blackline copy each of which is attached as Exhibits "I" and "J", respectively, to the affidavit of J. Peter Gordon sworn March 30, 2010 (the "Gordon Affidavit"), as amended by the first amendment to the asset purchase agreement dated as of February 26, 2010 attached as Exhibit "L" to the Gordon Affidavit and a proposed second amendment to the asset purchase agreement (the "Second Amendment") dated as of the Closing Date of the Transaction, attached

as Exhibit "M" to the Gordon Affidavit, as revised and attached in a blacklined copy as Exhibit "G" to the Affidavit of Larry Ellis sworn April 5, 2010 (the "Ellis Affidavit"), and as may be further amended, modified or restated from time to time (collectively, the "Purchase Agreement"), and vesting in the Canadian Purchaser and the U.S. Purchaser the Applicants' right, title and interest in and to the Canadian Purchased Assets and the U.S. Purchased Assets, respectively, was heard this day at 330 University Avenue, Toronto, Ontario.

**ON READING** the Motion Record of the Applicants dated March 30, 2010, the Ellis Affidavit and Exhibits attached thereto, filed on this date, and the tenth report (the "Tenth Report") of PricewaterhouseCoopers Inc., in its capacity as monitor of the Applicants (the "Monitor"), the Affidavit of Paul DesRosiers sworn April 5, 2010, the Consent of the Davies Group (as defined below) to be dated April 6, 2010, filed with the Court on this date (the "Davies Consent"), and on hearing the submissions of counsel for the Applicants, counsel for the officers and directors of the Applicants, counsel for the Monitor, counsel for Brookfield, counsel for CIT Business Credit Canada Inc. ("CIT"), counsel for the Communications, Energy and Paperworkers Union of Canada (the "CEP"), counsel for the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (the "USW"), counsel for the Province of New Brunswick ("PNB") in its various capacities including the Superintendent of Pensions for PNB (the "Superintendent") and Business New Brunswick, counsel for the court-appointed Committee Representing Unrepresented Employees and Former Employees other than those employees or former employees in the Province of Quebec (the "Davies Group"), other members of the Committee Representing Unrepresented Employees and Former Employees in the Province of Quebec, such employees and former employees being represented on this motion by the firm Paliare Roland Rosenberg LLP (the "Paliare Group"), and counsel for the Town of Madawaska ("Town") and the Madawaska Water District ("District") and no one appearing for any other person on the service list, including Regie des rentes du Quebec, Morneau Sobeco in its capacity as Administrator appointed by the Superintendent in respect of the NB Hourly Plan and the NB Salaried Plan (collectively, the "NB Administrator"), the active members of the New Brunswick Regional Council of Carpenters, Millwrights and Allied Workers, Local 2450 ("CMAW"), the Superintendent of Financial Services of Ontario ("FSCO") and the Pension Benefit Guaranty Corporation, although all properly served as

appears from the affidavit of service of Annette Fournier sworn March 31, 2010, and the further affidavit of service of Annette Fournier sworn April 5, 2010, filed:

1. **THIS COURT ORDERS** that all capitalized terms used but not defined in this Order shall have the meanings ascribed thereto in the Purchase Agreement. Any reference in this Order to the Purchase Agreement shall be deemed to be a reference to the Purchase Agreement as amended. In paragraphs 10, 12 and 23 of this Order, any and all references to: (a) Brookfield shall include any and all of its affiliates, (b) the Designated Purchasers shall include any assignee or transferee thereof, and (c) the Applicants shall include their respective affiliates.

2. **THIS COURT ORDERS** that the time for service of the notice of motion, the Tenth Report and motion record in respect of this motion be and it is hereby abridged and that the motion is properly returnable today and further that the requirement for service of the notice of motion and motion record herein upon interested parties, other than those served, is hereby dispensed with and that the service of the notice of motion, the Tenth Report and motion record herein as effected by the Applicants is hereby validated in all respects.

3. **THIS COURT ORDERS AND DECLARES** that the Purchase Agreement and all of its terms and conditions (including all schedules and exhibits attached thereto) and the Transaction are hereby fully and finally approved. The execution, delivery and performance of: (a) the Purchase Agreement (with such alterations and amendments as the parties thereto may agree, subject to obtaining Monitor consent in the case of any material alterations or amendments made prior to the Closing of the Transaction); (b) all agreements and other documents contemplated thereby or in furtherance thereof (the "Related Documents"), including, without limitation, the Escrow Agreement and each other Ancillary Agreement; and (c) the Transaction; by the Applicants is hereby authorized and approved.

4. **THIS COURT ORDERS AND DECLARES** that the Applicants are hereby authorized and directed to execute and deliver all documents and agreements referred to in or contemplated by paragraph 3 of this Order and to take such additional actions and execute and deliver such bills of sale, assignments, ancillary agreements, directions, consents, certificates, licenses, acknowledgments and other documents and assurances as may be necessary or desirable for the completion of the Transaction and for the conveyance of the Purchased Assets to each of the Designated Purchasers, as applicable, or in furtherance of this Order and the performance of their obligations thereunder.

5. **THIS COURT ORDERS AND DECLARES** that the global agreement term sheet dated as of February 24, 2010, as amended and attached as Schedule "A" to the Order of this Court dated March 22, 2010 attached as Exhibit "O" to the Gordon Affidavit, together with the cover page with signatures and all such schedules to be appended thereto (collectively, the "NB Hourly Global Agreement"), is hereby approved and that the NB Hourly Global Agreement and the terms and conditions set out therein including, without limiting the generality of the foregoing, the wind-up mechanism of the Old FP Hourly Plan, are in the best interests of the Applicants and the other parties thereto including the members of the Old FP Hourly Plan. The execution, delivery and performance of the NB Hourly Global Agreement by all parties signatory thereto is hereby authorized and approved. All parties to the NB Hourly Global Agreement are hereby authorized and directed to take such steps as may be necessary or desirable to conclude the implementation of the terms and conditions set out therein and to execute and deliver such documents and agreements as may be necessary or desirable to implement the NB Hourly Global Agreement, including, without limitation, all such documents and agreements to be appended as schedules to the NB Hourly Global Agreement, or in furtherance of this Order, and to perform their obligations thereunder.

6. **THIS COURT ORDERS AND DECLARES** that for greater certainty, the CEP is authorized and directed, on behalf of its current and former members, to enter into, execute and deliver such documents as may be contemplated by the NB Hourly Global Agreement, including but not limited to releases in favour of: (i) the Applicants and its directors, officers, employees and others, PNB, the Superintendent and the Administrator (the "Term Sheet Release") and (ii) Brookfield, the Canadian Purchaser, the U.S. Purchaser and their respective directors, officers, employees and others (the "APA Release") and a declaration and agreement of trust for a pension deficit funding trust for the Old FP Hourly Plan (the "Trust Agreement") to be annexed as schedules to the NB Hourly Global Agreement. The NB Hourly Global Agreement is legally binding on and effective against the current and former members of the CEP and each of its locals who are signatories thereto (collectively referred to herein as "CEP"), and the current members of the CMAW.

6A. **THIS COURT ORDERS** that, for greater certainty and notwithstanding the releases contained in this Order and in the Term Sheet Release in each case as it relates only to the parties to the Term Sheet Releases, nothing shall be taken as extinguishing any rights in favour of CEP or the trustees pursuant to the NB Hourly Global Agreement or the Trust Agreement.

7. **THIS COURT ORDERS AND DECLARES** that the global agreement term sheet dated as of March 16, 2010 attached as Exhibit "P" to the Gordon Affidavit (the "NB Salaried Global Agreement"), is hereby approved and that the NB Salaried Global Agreement and the terms and conditions set out therein including, without limiting the generality of the foregoing, the wind-up mechanism of the Old FP Salaried Plan, are in the best interests of the Applicants and the other parties thereto including the members of the Old FP Salaried Plan. The execution, delivery and performance of the NB Salaricd Global Agreement by the Applicants is hereby authorized and

approved. All parties to the NB Salaried Global Agreement are hereby authorized and directed to take such steps as may be necessary or desirable to conclude the implementation of the terms and conditions set out therein and to execute and deliver all such documents and agreements as may be necessary or desirable to implement the NB Salaried Global Agreement, or in furtherance of this Order, and to perform their obligations thereunder.

8. **THIS COURT ORDERS AND DECLARES** that the Davies Consent is hereby confirmed and approved and the execution of the Davies Consent by the Representatives (as such term is defined in the Order of this Honourable Court dated September 17, 2009) on their own behalf and on behalf of the Davies Group, by its counsel, Davies Ward Phillips & Vineberg LLP ("Davies"), is hereby ratified, authorized and approved. The Davies Consent is legally binding on and effective against the Representatives and all the Represented Parties who comprise the Davies Group as defined in this Order, and the Representatives are hereby authorized to take such additional steps and execute or direct its counsel, Davies, to execute such additional documents as may be necessary or desirable in connection with, or the performance of, the Davies Consent.

8A. **THIS COURT ORDERS AND DECLARES** that the Consent of the Paliare Group dated as of April 6, 2010 (the "Paliare Consent") is hereby confirmed and approved and the execution of the Paliare Consent by the Representatives (as such term is defined in the Order of this Honourable Court dated September 17, 2009) on their own behalf and on behalf of the Paliare Group, by its counsel, Paliare Roland Rosenberg LLP ("Paliare"), is hereby ratified, authorized and approved. The Paliare Consent is legally binding on and effective against the Representatives and all the Represented Parties who comprise the Paliare Group as defined in this Order, and the Representatives are hereby authorized to take such additional steps and

execute or direct its counsel, Paliare, to execute such additional documents as may be necessary or desirable in connection with, or the performance of, the Paliare Consent.

9. **THIS COURT ORDERS AND DECLARES** that none of PNB, the Superintendent, the NB Administrator, the Applicants, the CEP, or any trustees of the Outside Trust Funds (as such term is defined in the NB Hourly Global Agreement and the NB Salaried Global Agreement), as well as their respective officers, directors, employees, representatives, delegates and agents, shall be or be deemed to be liable for any decrease in the current value of the Old FP Hourly Plan and/or the Old FP Salaried Plan assets at any time and for any reason whatsoever other than their fraud or gross negligence. None of the beneficiaries of the Old FP Hourly Plan and the Old FP Salaried Plan nor the NB Administrator shall have any Claims (as defined herein) whatsoever against any of the foregoing persons at any time.

10. **THIS COURT ORDERS AND DECLARES** that neither Brookfield nor any Designated Purchaser shall be a successor to any of the Applicants and neither Brookfield nor any Designated Purchaser shall assume or be deemed to assume any liabilities or obligations whatsoever of the Applicants including, without limitation, any and all liabilities and obligations in respect of, in connection with or in relation to: (a) any of the Pension Plans (including, without limitation, any funding or pension benefit payment obligations); (b) any and all termination, severance or related amounts which any current or former employee of the Applicants could at any time assert against the Applicants; (c) any and all former, current or future employees of the Applicants (other than the Transferred Employees and the Unionized Employees who become employees of the Designated Purchasers, as applicable, on Closing as provided for in the Purchase Agreement); and (d) any agreements which the Applicants may have with any person,

except for such liabilities in relation to assigned agreements as are specifically and expressly assumed as an Assumed Liability under and as provided for in the Purchase Agreement.

11. **THIS COURT ORDERS AND DECLARES** that each of the Applicants and, in each case, each of their respective directors, officers, representatives, agents, employees and delegates, shall, effective immediately upon Closing of the Transaction, be and be deemed to be irrevocably and unconditionally fully and finally released from any and all claims, obligations or liabilities whatsoever, whether known, anticipated or unknown, arising from any fact, matter or circumstance occurring or existing on or before the Closing Date in relation to or in connection with any and all facts and circumstances including in respect of the Purchase Agreement, the NB Hourly Global Agreement, the NB Salaried Global Agreement, the Transaction and the Closing thereof including, without limitation, any and all claims in respect of the Pension Plans which includes, but is not limited to, claims that might be brought against them relating to their actions as or on behalf of the administrators or sponsors of the Pension Plans, save and except for their fraud or gross negligence. For greater certainty and notwithstanding anything else contained herein, this release: (a) in favour of the Applicants' directors and officers shall not, and shall not be deemed to release the sixteen (16) outstanding claims against the directors and officers in the total amount of approximately $181,000 that are referred to in paragraph 31 of the Tenth Report; and (b) in favour of the Applicants shall not, and shall not be deemed to release (i) any Claims filed against the Applicants that remain outstanding pursuant to the Claims Order of this Honourable Court dated July 15, 2009 (the "Claims Order"); (ii) any Restructuring Claims that arise or may be filed in accordance with the Claims Order; (iii) the Applicants' obligations under s. 18(ii) of the Initial Order; or (iv) any Excluded Claim as defined in the Claims Order, all of which shall continue to be addressed and/or finally determined as part of the claims process established under the Claims Order.

12. **THIS COURT ORDERS AND DECLARES** that Brookfield, the Designated Purchasers, and their respective affiliates and officers, directors, employees, delegates, agents and representatives shall, effective immediately upon Closing of the Transaction, be and be deemed to be irrevocably and unconditionally fully and finally released of and from any and all claims, obligations or liabilities whatsoever arising from any event, fact, matter or circumstance occurring or existing on or before the Closing Date in relation to or in connection with the Applicants or their respective present or past businesses, properties or assets, including, without limitation, any and all claims, obligations or liabilities whatsoever, whether known, anticipated or unknown, in relation to or in connection with the Pension Plans, the Labour Board Proceedings (as defined in the Second Amendment), and the former, current or future employees of the Applicants who are not Transferred Employees or Unionized Employees who become employees of the Designated Purchasers on Closing in accordance with the terms and conditions of the Purchase Agreement.

13. **THIS COURT ORDERS AND DECLARES** that each of: (a) PNB; (b) the Superintendent; and (c) the NB Administrator and, in each case, each of their directors, officers, representatives, agents, employees and delegates, as applicable, shall be irrevocably and unconditionally fully and finally released from any and all Claims (as defined herein), whether known, anticipated or unknown, arising in respect of the Old FP Hourly Plan, the Old FP Salaried Plan, the implementation of the wind-up of the Old FP Hourly Plan and/or the Old FP Salaried Plan and any actions contemplated by the NB Hourly Global Agreement and the NB Salaried Global Agreement save and except for their fraud or gross negligence.

14. **THIS COURT ORDERS AND DECLARES** that upon the delivery of a Monitor's certificate to the Designated Purchasers substantially in the form attached as Schedule "A"

hereto (the "Monitor's Certificate"), all of the Applicants' right, title, benefit, and interest in and to: (a) the Canadian Purchased Assets, including, without limitation, those assets listed in Schedule "B" attached hereto, and further including, without limitation, the real property identified and described in Schedule "C" attached hereto (the "New Brunswick Real Property"); and (b) the U.S. Purchased Assets, including, without limitation, those assets listed in Schedule "D" attached hereto, and further including, without limitation, the real property identified and described in Schedule "E" attached hereto (the "Maine Real Property"), shall vest absolutely in the Canadian Purchaser and the U.S. Purchaser, respectively, free and clear of and from any and all right, title, interest, security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, pledges, options, warrants, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens, executions, levies, charges, other financial, proprietary or monetary claims, adverse claims, or rights of use, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured, legal, equitable, possessory or otherwise (collectively, the "Claims") including, without limiting the generality of the foregoing: (i) the Charges (as defined in the initial order of the Honourable Justice Mr. Justice Morawetz dated June 18, 2009, as amended); (ii) all charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario) or any other personal property registry system pursuant to equivalent legislation in any other jurisdictions in which all or any part of the Purchased Assets are located; (iii) Claims from employees individually or under successor employer provisions of federal, state and provincial legislation; (iv) Claims in respect of the Pension Plans; (v) those Claims in respect of the New Brunswick Real Property listed on Schedule "F" hereto; (vi) those Claims in respect of the Maine Real Property listed on Schedule "G" hereto; and (vii) those Claims listed on Schedule "H" hereto (all of the above set out in subparagraphs (i), (ii), (iii), (iv), (v), (vi) and (vii) are collectively referred

to as the "Encumbrances", which term shall not include the permitted encumbrances, easements and restrictive covenants listed on Schedule "I" attached hereto), and, for greater certainty, this Court orders that all of the Claims and Encumbrances affecting or relating to the Purchased Assets are hereby released, extinguished, expunged and discharged as against the Purchased Assets. Counsel for the Designated Purchasers and any agents appointed by such counsel may, immediately following the Closing of the Transaction, proceed with the discharge of such Claims and Encumbrances including, without limitation, the electronic discharge or the electronic continuance of and subsequent discharge of any financing statements, UCC registrations, mortgages or other registrations in respect thereof.

15. **THIS COURT ORDERS AND DECLARES** that notwithstanding (i) paragraphs 10, 12, and 14 of this Order and, for greater certainty, only with respect to the U.S. Purchaser and the Madawaska Claims and Encumbrances (as defined herein), the Claims and Encumbrances of the Town for real estate and personal property taxes in the aggregate amount of US$5,907,738.17 and the District for water charges in the aggregate amount of US$49,691.08 (collectively, the "Madawaska Taxes") relating to the Madawaska Mill (the "Madawaska Claims and Encumbrances") shall not be released, extinguished, expunged or discharged as against the Purchased Assets until the payment of the Madawaska Taxes by the Designated Purchasers. Upon such payment, the Madawaska Claims and Encumbrances shall be immediately hereby released, extinguished, expunged and discharged as against the Purchased Assets and the provisions of this Order including, without limiting the generality of the foregoing, paragraphs 10, 12, and 14 of this Order, shall have full force and effect in respect of the Madawaska Claims and Encumbrances. Notwithstanding anything in this Order to the contrary, nothing in this Order shall affect any claims of the Town with respect to unpaid real or personal property taxes, if any

or the District with respect to any unpaid water charges, if any, or any liens with respect to such taxes or charges.

16. **THIS COURT ORDERS** that the Designated Purchasers are hereby ordered and directed to pay the amount of (i) US$950,308.92 to the Town and US$49,691.08 to the District within two (2) Business Days of the Closing Date; (ii) US$1,957,429.25 to the Town on or before May 31, 2010; and (iii) US$3,000,000 to the Town on or before June 30, 2010 on account of amounts owing to the Town and the District in respect of the Madawaska Taxes.

17. **THIS COURT ORDERS** that prior to Closing, the Town and the District shall deliver in escrow to the Designated Purchasers, counsel for the Designated Purchasers or any agents appointed by such counsel such discharges and releases in registrable form as may be necessary or desirable to discharge the Madawaska Claims and Encumbrances in respect of the Madawaska Taxes as against the Purchased Assets, which releases and discharges shall be released from escrow upon payment of the Madawaska Taxes.

18. **THIS COURT ORDERS** that upon the registration in the applicable land registry office of a transfer/deed of land or equivalent document in the applicable prescribed forms, and of an application for registration of vesting order in the applicable prescribed form, the applicable land registrar or equivalent official is hereby directed to enter the Canadian Purchaser as the owner of the New Brunswick Real Property in fee simple, and is hereby directed to delete and expunge from title to the New Brunswick Real Property any and all Claims and Encumbrances in respect of the New Brunswick Real Property, including, without limitation, the Claims and Encumbrances listed in Schedule "F" attached hereto, but excluding the permitted encumbrances, easements and restrictive covenants in respect of the New Brunswick Real Property set out in Schedule "I" attached hereto.

19. **THIS COURT ORDERS** that, notwithstanding the filing and/or registration of this Order with the applicable land registrar or equivalent official with respect to the New Brunswick Real Property, the Canadian Purchaser may seek further Order of this Court in the form of a supplemental vesting order, upon seven (7) days notice to any parties affected by such supplemental vesting order: (i) directing the applicable land registrar or equivalent official to enter the Canadian Purchaser as the owner of any additional New Brunswick Real Property in fee simple; (ii) supplementing the New Brunswick Real Property identified and described in Schedule "C" of this Order; (iii) directing the applicable land registrar or equivalent official to delete and expunge from title to the New Brunswick Real Property any additional Claims or Encumbrances as against the New Brunswick Real Property that are disclosed to or come to the attention of the Canadian Purchaser within the six (6) month period following the date of this Order; and (iv) supplementing the permitted encumbrances, easements and restrictive covenants affecting or relating to the New Brunswick Real Property and set out in Schedule "I" of this Order.

20. **THIS COURT ORDERS** that upon the registration in the applicable land registry office of a transfer/deed of land or equivalent document in the applicable prescribed forms, and of an application for registration of vesting order in the applicable prescribed form, the applicable land registrar or equivalent official is hereby directed to enter the U.S. Purchaser as the owner of the Maine Real Property in fee simple, and, subject to paragraph 15 of this Order, is hereby directed to delete and expunge from title to the Maine Real Property any and all Claims and Encumbrances in respect of the Maine Real Property, including, without limitation, the Claims and Encumbrances listed in Schedule "G" attached hereto, but excluding the permitted encumbrances, easements and restrictive covenants in respect of the Maine Real Property set out in Schedule "I" attached hereto.

21. **THIS COURT ORDERS** that, notwithstanding the filing and/or registration of this Order with the applicable land registrar or equivalent official with respect to the Maine Real Property, the U.S. Purchaser may seek further Order of this Court in the form of a supplemental vesting order, upon 21 days notice to any parties affected by such supplemental vesting order: (i) directing the applicable land registrar or equivalent official to enter the U.S. Purchaser as the owner of any additional Maine Real Property in fee simple; (ii) supplementing the Maine Real Property identified and described in Schedule "E" of this Order; (iii) directing the applicable land registrar or equivalent official to delete and expunge from title to the Maine Real Property any additional Claims or Encumbrances as against the Maine Real Property that are disclosed to or come to the attention of the U.S. Purchaser within the six (6) month period following the date of this Order; and (iv) supplementing the permitted encumbrances, easements and restrictive covenants affecting or relating to the Maine Real Property and set out in Schedule "I" of this Order.

22. **THIS COURT ORDERS** that notwithstanding paragraph 14 of this Order, the net proceeds from the sale of the Purchased Assets (the "Proceeds"), including, without limitation, the Promissory Note and the Common Shares not subject to the Escrow Agreement but excluding, for greater certainty, the cash consideration and the Preferred Shares to be distributed in accordance with paragraphs 25, 26 and 28 of this Order, shall stand in the place and stead of the Purchased Assets, and that from and after the delivery of the Monitor's Certificate, all Claims and Encumbrances shall attach to the Proceeds with the same priority as they had with respect to the Purchased Assets immediately prior to the sale, as if the Purchased Assets had not been sold and remained in the possession or control of the person having that possession or control immediately prior to the sale.

23. **THIS COURT ORDERS** that the Applicants shall not revoke, disclaim, terminate or resiliate, in or pursuant to these proceedings or otherwise, any of the Purchase Agreement, the Ancillary Agreements, the Related Documents and any and all other agreements and documents delivered to or for the benefit of Brookfield or the Designated Purchasers in connection with the Purchase Agreement or the Transaction.

24. **THIS COURT ORDERS AND DIRECTS** that the Monitor file with the Court a copy of the Monitor's Certificate, forthwith after delivery thereof.

25. **THIS COURT ORDERS** that the net cash Proceeds payable to the Applicants on Closing are hereby directed to be distributed and paid by the Applicants immediately to CIT in payment of amounts owing under the CIT Financing Agreement in the amount of U.S. $10,000,000 and to CIBC in payment of the CIBC Existing Facility, which facility is subject to a guarantee by Brookfield in favour of CIBC and a secured Amended and Restated Guarantee and Reimbursement Agreement of the Applicants in favour of Brookfield, in the amount of U.S. $25,000,000.

26. **THIS COURT ORDERS** that the Proceeds payable to the Applicants on Closing in the form of Preferred Shares are hereby directed to be distributed by the Applicants immediately to GNB in full and final satisfaction of the amounts owing under the GNB Loan Agreement and the GNB Plaster Rock DIP Facility and that, upon delivery of the Preferred Shares, the Applicants shall be immediately and automatically released of any obligations under the GNB Loan Agreement and the GNB Plaster Rock DIP Facility.

27. **THIS COURT ORDERS** that upon completion of the Transaction and the Closing thereof, Fraser Papers Inc. ("FPI"), on behalf of itself and the other Applicants, shall hold the

Common Shares and the Promissory Note delivered on Closing, and all other residual assets or proceeds of sale of such residual assets, for the benefit of their creditors, as such creditors' respective interests and priorities may appear.

28. **THIS COURT ORDERS** that FPI be and is hereby authorized and directed to execute and deliver on the Closing of the Transaction an irrevocable Direction to the Canadian Purchaser directing that the fixed payments set out in section 3.2(e) of the Purchase Agreement be paid directly to the Outside Trust Fund (as such term is defined in paragraph 17(c) of the NB Hourly Global Agreement).

29. **THIS COURT ORDERS** that, pursuant to clause 7(3)(c) of the Canada *Personal Information Protection and Electronic Documents Act* and any equivalent legislation in any other jurisdiction applicable to the Designated Purchasers, the Purchased Assets, the Transferred Employees and/or the Unionized Employees, the Applicants are authorized and permitted to disclose and transfer to the Designated Purchasers all human resources and payroll information in the Applicants' records pertaining to the Applicants' past and current employees, including personal information of the Transferred Employees and the Unionized Employees. The Designated Purchasers shall maintain and protect the privacy of such information and shall be entitled to use the personal information provided to it in a manner which is in all material respects identical to the prior use of such information by the Applicants.

30. **THIS COURT ORDERS** that, notwithstanding:

(a) the pendency of these proceedings;

(b) any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) in respect of the Applicants and any bankruptcy order issued pursuant to any such applications; and

(c) any assignment in bankruptcy made in respect of any of the Applicants:

(i) the Purchase Agreement, the Ancillary Agreements, the Related Documents, the NB Hourly Global Agreement, the NB Salaried Global Agreement and the transactions, trusts, and actions contemplated therein;

(ii) the sale of the Purchased Assets to the Designated Purchasers, as applicable;

(iii) the entering into of the Purchase Agreement, the Ancillary Agreements, the Related Documents, the NB Hourly Global Agreement and the NB Salaried Global Agreement by any of the Applicants;

(iv) the vesting of title in the Purchased Assets in the Designated Purchasers, as applicable, free and clear of all Claims and Encumbrances;

(v) the distribution of the Proceeds as provided in this Order; and

(vi) the provisions of this Order,

shall be binding on any trustee in bankruptcy, receiver, interim receiver or similar party that may be appointed in respect of the Applicants and shall not be void or voidable by creditors of the Applicants, nor shall it constitute nor be deemed to be a transfer at undervalue, fraudulent preference, assignment, fraudulent conveyance or other reviewable transaction under the *Bankruptcy and Insolvency Act* (Canada) or any other applicable federal or provincial legislation, nor shall it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

31. **THIS COURT ORDERS** that PricewaterhouseCoopers Inc. is hereby authorized, empowered and directed to enter into the Escrow Agreement attached as Exhibit "Y" to the Gordon Affidavit (with such alterations and amendments as the parties thereto may agree), as Escrow Agent, and to carry out and satisfy the activities, functions and responsibilities set out in the Escrow Agreement and in addition to the rights and protections afforded PricewaterhouseCoopers Inc. as the Monitor under the CCAA or as an officer of this Court, the Escrow Agent shall incur no liability as a result of its acting as Escrow Agent under the Escrow Agreement or the carrying out of the provisions of this Order, except for any gross negligence of wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Monitor by the CCAA or any applicable legislation.

32. **THIS COURT ORDERS AND DECLARES** that the Transaction is exempt from the application of the *Bulk Sales Act* (Ontario) and any equivalent legislation in any other jurisdictions in which all or any part of the Purchased Assets is located.

33. **THIS COURT ORDERS AND DECLARES** that all persons shall co-operate fully with the Applicants, the Designated Purchasers, Brookfield, their respective affiliates and the Monitor and do all such things that are necessary or desirable for the purpose of giving effect to and in furtherance of this Order, the Purchase Agreement and the Transaction.

34. **THIS COURT ORDERS AND DECLARES** that, pursuant to section 142 of the *Courts of Justice Act* (Ontario), no person shall be liable for any act done in good faith in accordance with any Order issued in this proceeding, and any person who takes any action whatsoever in reliance on this Order prior to the commencement of any appeal hereof or the expiry of any appeal period shall not be prejudiced or harmed in any manner by any such subsequent appeal.

35. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada (including the Court of Queen's Bench of New Brunswick), in the United States or elsewhere to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies (including the Court of Queen's Bench of New Brunswick) are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

36. **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada.

ENTERED AT / INSCRIT A TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

APR 0 7 2010

PER / PAR: TV

**Schedule "A" – Form of Monitor's Certificate**

Court File No. CV-09-8241-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| **THE HONOURABLE MADAM** | ) | **TUESDAY, THE 6TH DAY** |
| | ) | |
| **JUSTICE PEPALL** | ) | **OF APRIL, 2010** |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PROPOSED PLAN OF COMPROMISE OR ARRANGEMENT WITH RESPECT TO FRASER PAPERS INC./PAPIERS FRASER INC., FPS CANADA INC., FRASER PAPERS HOLDINGS INC., FRASER TIMBER LTD., FRASER PAPERS LIMITED and FRASER N.H. LLC (collectively, the "Applicants")**

**MONITOR'S CERTIFICATE**

**RECITALS**

A. Pursuant to an Order of the Honourable Mr. Justice Morawetz of the Ontario Superior Court of Justice (Commercial List) (the "Court") dated June 18, 2009, PricewaterhouseCoopers Inc. was appointed as monitor (the "Monitor") of the Applicants.

B. Pursuant to an Order of the Court dated December 10, 2009 (the "Approval and Bid Process Order"), the Court approved the asset purchase agreement made as of December 22, 2009 between the Applicants, as vendors, and Brookfield Asset Management Inc. ("Brookfield") and/or such other Person(s) as it may designate, as amended by the first amendment to the asset purchase agreement dated as of February 26, 2010 and a second amendment to the asset purchase agreement dated as of ■, 2010, as may be further amended, modified or restated from time to time (collectively, the "Purchase Agreement").

C. Brookfield designated Twin Rivers Paper Company Inc. (the "Canadian Purchaser") as the purchaser of the Purchased Assets located in Canada (the "Canadian Purchased Assets") and Twin Rivers Paper Company LLC (the "U.S. Purchaser" together with the Canadian Purchaser the "Designated Purchasers") as the purchaser of the Purchased Assets located in the United States (the "U.S. Purchased Assets").

D. Pursuant to an Order of the Court dated April 6, 2010 (the "Approval and Vesting Order"), the Court provided for the vesting in the Canadian Purchaser and the U.S. Purchaser of the Applicants' right, title and interest in and to the Canadian Purchased Assets and the U.S. Purchased Assets, respectively, which vesting is to be effective with respect to the Purchased Assets, upon the delivery by the Monitor to the Designated Purchasers of a certificate confirming (i) the payment by the Canadian Purchaser and the U.S. Purchaser of the Purchase Price for the Canadian Purchased Assets and the U.S. Purchased Assets, respectively, (ii) that the conditions to Closing as set out in the Purchase Agreement have been satisfied or waived by the Applicants, Brookfield and the Designated Purchasers, as the case may be; and (iii) the Transaction as contemplated in the Purchase Agreement, the Approval and Bid Process Order and the Approval and Vesting Order has been completed to the satisfaction of the Monitor.

E. Unless otherwise indicated herein, all capitalized terms used but not otherwise defined in this certificate shall have the meanings ascribed thereto in the Purchase Agreement.

THE MONITOR CERTIFIES the following:

1. The Designated Purchasers have paid and the Applicants have received the Purchase Price for the Purchased Assets, payable on Closing pursuant to the Purchase Agreement;

2. The conditions to Closing as set out in the Purchase Agreement have been satisfied or waived by the Applicants, Brookfield and the Designated Purchasers, respectively; and

3. The Transaction has been completed in accordance with the terms of the Purchase Agreement, the Approval and Bid Process Order and the Approval and Vesting Order.

4. This Certificate was delivered by the Monitor at _______ [TIME] on _______ [DATE].

**PRICEWATERHOUSECOOPERS INC., in its capacity as Monitor of Fraser Papers Inc., Fraser Papers Limited and FPS Canada Inc., Fraser Papers Holdings Inc., Fraser Timber Ltd., Fraser Papers Limited and Fraser N.H. LLC, and not in its personal or corporate capacity**

Per: ______________________

Name:

Title:

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c.C-36 AS AMENDED

AND IN THE MATTER OF A PROPOSED PLAN OF COMPROMISE OR ARRANGEMENT WITH RESPECT TO FRASER PAPERS INC., FPS CANADA INC., FRASER PAPERS HOLDINGS INC., FRASER TIMBER LTD., FRASER PAPERS LIMITED and FRASER N.H. LLC

Court File No.: CV-09-8241-00CL

***ONTARIO***
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceedings commenced at Toronto

**APPROVAL AND VESTING ORDER**

**ThorntonGroutFinnigan LLP**
Barristers and Solicitors
Suite 3200, P.O. Box 329
Canadian Pacific Tower
Toronto-Dominion Centre
Toronto, ON M5K 1K7

**Robert I. Thornton** (LSUC# 24266B 1B)
**D.J. Miller** (LSUC# 34393P)

Tel: 416-304-1616
Fax: 416-304-1313

Lawyers for the Applicants

**Schedule "A" – Form of Monitor's Certificate**

Court File No. CV-09-8241-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| **THE HONOURABLE MADAM** | ) | **TUESDAY, THE 6TH DAY** |
| | ) | |
| **JUSTICE PEPALL** | ) | **OF APRIL, 2010** |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PROPOSED PLAN OF COMPROMISE OR ARRANGEMENT WITH RESPECT TO FRASER PAPERS INC./PAPIERS FRASER INC., FPS CANADA INC., FRASER PAPERS HOLDINGS INC., FRASER TIMBER LTD., FRASER PAPERS LIMITED and FRASER N.H. LLC (collectively, the "Applicants")**

**MONITOR'S CERTIFICATE**

**RECITALS**

A. Pursuant to an Order of the Honourable Mr. Justice Morawetz of the Ontario Superior Court of Justice (Commercial List) (the "Court") dated June 18, 2009, PricewaterhouseCoopers Inc. was appointed as monitor (the "Monitor") of the Applicants.

B. Pursuant to an Order of the Court dated December 10, 2009 (the "Approval and Bid Process Order"), the Court approved the asset purchase agreement made as of December 22, 2009 between the Applicants, as vendors, and Brookfield Asset Management Inc. ("Brookfield") and/or such other Person(s) as it may designate, as amended by the first amendment to the asset purchase agreement dated as of February 26, 2010 and a second amendment to the asset purchase agreement dated as of ■, 2010, as may be further amended, modified or restated from time to time (collectively, the "Purchase Agreement").

C. Brookfield designated Twin Rivers Paper Company Inc. (the "Canadian Purchaser") as the purchaser of the Purchased Assets located in Canada (the "Canadian Purchased Assets") and Twin Rivers Paper Company LLC (the "U.S. Purchaser" together with the Canadian Purchaser the "Designated Purchasers") as the purchaser of the Purchased Assets located in the United States (the "U.S. Purchased Assets").

D. Pursuant to an Order of the Court dated April 6, 2010 (the "Approval and Vesting Order"), the Court provided for the vesting in the Canadian Purchaser and the U.S. Purchaser of the Applicants' right, title and interest in and to the Canadian Purchased Assets and the U.S. Purchased Assets, respectively, which vesting is to be effective with respect to the Purchased Assets, upon the delivery by the Monitor to the Designated Purchasers of a certificate confirming (i) the payment by the Canadian Purchaser and the U.S. Purchaser of the Purchase Price for the Canadian Purchased Assets and the U.S. Purchased Assets, respectively, (ii) that the conditions to Closing as set out in the Purchase Agreement have been satisfied or waived by the Applicants, Brookfield and the Designated Purchasers, as the case may be; and (iii) the Transaction as contemplated in the Purchase Agreement, the Approval and Bid Process Order and the Approval and Vesting Order has been completed to the satisfaction of the Monitor.

E. Unless otherwise indicated herein, all capitalized terms used but not otherwise defined in this certificate shall have the meanings ascribed thereto in the Purchase Agreement.

THE MONITOR CERTIFIES the following:

1. The Designated Purchasers have paid and the Applicants have received the Purchase Price for the Purchased Assets, payable on Closing pursuant to the Purchase Agreement;

2. The conditions to Closing as set out in the Purchase Agreement have been satisfied or waived by the Applicants, Brookfield and the Designated Purchasers, respectively; and

3. The Transaction has been completed in accordance with the terms of the Purchase Agreement, the Approval and Bid Process Order and the Approval and Vesting Order.

4. This Certificate was delivered by the Monitor at _______ [TIME] on _______ [DATE].

**PRICEWATERHOUSECOOPERS INC., in its capacity as Monitor of Fraser Papers Inc., Fraser Papers Limited and FPS Canada Inc., Fraser Papers Holdings Inc., Fraser Timber Ltd., Fraser Papers Limited and Fraser N.H. LLC, and not in its personal or corporate capacity**

Per: ______________________________

Name:

Title:

18

**Schedule "A" – Form of Monitor's Certificate**

Court File No. CV-09-8241-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| **THE HONOURABLE MADAM** | ) | **TUESDAY, THE 6TH DAY** |
| | ) | |
| **JUSTICE PEPALL** | ) | **OF APRIL, 2010** |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PROPOSED PLAN OF COMPROMISE OR ARRANGEMENT WITH RESPECT TO FRASER PAPERS INC./PAPIERS FRASER INC., FPS CANADA INC., FRASER PAPERS HOLDINGS INC., FRASER TIMBER LTD., FRASER PAPERS LIMITED and FRASER N.H. LLC (collectively, the "Applicants")**

**MONITOR'S CERTIFICATE**

**RECITALS**

A. Pursuant to an Order of the Honourable Mr. Justice Morawetz of the Ontario Superior Court of Justice (Commercial List) (the "Court") dated June 18, 2009, PricewaterhouseCoopers Inc. was appointed as monitor (the "Monitor") of the Applicants.

B. Pursuant to an Order of the Court dated December 10, 2009 (the "Approval and Bid Process Order"), the Court approved the asset purchase agreement made as of December 22, 2009 between the Applicants, as vendors, and Brookfield Asset Management Inc. ("Brookfield") and/or such other Person(s) as it may designate, as amended by the first amendment to the asset purchase agreement dated as of February 26, 2010 and a second amendment to the asset purchase agreement dated as of ■, 2010, as may be further amended, modified or restated from time to time (collectively, the "Purchase Agreement").

C. Brookfield designated Twin Rivers Paper Company Inc. (the "Canadian Purchaser") as the purchaser of the Purchased Assets located in Canada (the "Canadian Purchased Assets") and Twin Rivers Paper Company LLC (the "U.S. Purchaser" together with the Canadian Purchaser the "Designated Purchasers") as the purchaser of the Purchased Assets located in the United States (the "U.S. Purchased Assets").

D. Pursuant to an Order of the Court dated April 6, 2010 (the "Approval and Vesting Order"), the Court provided for the vesting in the Canadian Purchaser and the U.S. Purchaser of the Applicants' right, title and interest in and to the Canadian Purchased Assets and the U.S. Purchased Assets, respectively, which vesting is to be effective with respect to the Purchased Assets, upon the delivery by the Monitor to the Designated Purchasers of a certificate confirming (i) the payment by the Canadian Purchaser and the U.S. Purchaser of the Purchase Price for the Canadian Purchased Assets and the U.S. Purchased Assets, respectively, (ii) that the conditions to Closing as set out in the Purchase Agreement have been satisfied or waived by the Applicants, Brookfield and the Designated Purchasers, as the case may be; and (iii) the Transaction as contemplated in the Purchase Agreement, the Approval and Bid Process Order and the Approval and Vesting Order has been completed to the satisfaction of the Monitor.

E. Unless otherwise indicated herein, all capitalized terms used but not otherwise defined in this certificate shall have the meanings ascribed thereto in the Purchase Agreement.

THE MONITOR CERTIFIES the following:

1. The Designated Purchasers have paid and the Applicants have received the Purchase Price for the Purchased Assets, payable on Closing pursuant to the Purchase Agreement;

2. The conditions to Closing as set out in the Purchase Agreement have been satisfied or waived by the Applicants, Brookfield and the Designated Purchasers, respectively; and

3. The Transaction has been completed in accordance with the terms of the Purchase Agreement, the Approval and Bid Process Order and the Approval and Vesting Order.

4. This Certificate was delivered by the Monitor at _______ [TIME] on _______ [DATE].

**PRICEWATERHOUSECOOPERS INC., in its capacity as Monitor of Fraser Papers Inc., Fraser Papers Limited and FPS Canada Inc., Fraser Papers Holdings Inc., Fraser Timber Ltd., Fraser Papers Limited and Fraser N.H. LLC, and not in its personal or corporate capacity**

Per: ______________________________

Name:

Title:

DRAFT 21

SCHEDULE "B"

CANADIAN PURCHASED ASSETS

All right, title and interest of the Vendors in and to the Edmundston Assets, the Juniper Assets, and the Plaster Rock Assets, and all of the other property and assets of every kind and description used by or in connection with or otherwise relating to the Business located in Canada, other than only the Excluded Assets (collectively, the "Canadian Purchased Assets"), and as more specifically described below:

(a) the Lands listed in Appendix "1" attached hereto;

(b) the Timber Licences;

(c) the Contracts listed in Appendix "2" attached hereto;

(d) the Fixed Assets listed in Appendix "3" attached hereto;

(e) all Inventory listed in Appendix "4" attached hereto;

(f) the PPGTP Credits;

(g) all Intellectual Property listed in Appendix "5" attached hereto;

(h) the Books and Records;

(i) all Accounts Receivable listed in Appendix "6" attached hereto;

(j) all Prepaid Expenses;

(k) all Permits (to the extent assignable) listed in Appendix "7" attached hereto;

(l) the Real Property Tax Returns; and

(m) all goodwill associated with the Business or the Canadian Purchased Assets.

All capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Asset Purchase Agreement dated as of December 22, 2009 between, among others, Fraser Papers Inc. and Brookfield Asset Management Inc., as amended, restated or modified from time to time.

22

**Appendix "1"**

**Lands - Canadian Purchased Assets**

| PID | PAN | Land Description | Address | County |
|---|---|---|---|---|
| 10001584 | 373801 | Vacant Lot | Mill Road, Juniper | Carleton |
| 10001618 | 373835 | Vacant Lot | Mill Road, Juniper | Carleton |
| 10001717 | 373932 | Vacant Lot | Juniper Road, Juniper | Carleton |
| 10004588 | 3544948 | Freehold Timber Land | Juniper Road, Juniper | Carleton |
| 10005718 | 3693519 | Vacant Lot | Juniper Road, Juniper | Carleton |
| 10079069 | 381749 | | 2 Highway, Juniper | Carleton |
| 10079101 | 381749 | | Juniper Road, Aberdeen | Carleton |
| 10079119 | 381749 | | Juniper Road, Aberdeen | Carleton |
| 10079127 | 381749 | | Juniper Road, Aberdeen | Carleton |
| 10137891 | 381749 | | 107 Highway, Juniper | Carleton |
| 10137917 | 381765 | Vacant Lot | Juniper Road, Juniper | Carleton |
| 10137925 | 3544948 | Freehold Timber Land | Juniper Road, Juniper | Carleton |
| 10206902 | 3488118 | Freehold Timber Land | Lewis Road, Juniper | Carleton |
| 10206928 | 3488100 | Freehold Timber Land | Juniper Road, Juniper | Carleton |
| 35001445 | 101440 | Kennedy Island 8 & P123 | Madawaska | Madawaska |
| 35064492 | 4631942 | A & B Pipeline P-36 & 37 | Cnr, Saint-Basile | Mada waska |
| 35126960 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35134485 | 258297 | Residential vacant lot | 1 rue Aqueduc, Edmundston | Madawaska |
| 35134493 | 258302 | Residential lot | 5 rue Aqueduc, Edmundston | Madawaska |
| 35134501 | 258310 | Residential vacant lot | 11 rue Aqueduc, Edmundston | Madawaska |
| 35134519 | 258328 | Industrial lot | 27 rue Aqueduc, Edmundston | Madawaska |
| 35135003 | 258815 | Steam line & lot | Rue Ferry, Edmundston | Madawaska |

| | | | | |
|---|---|---|---|---|
| 35135037 | 258849 | Industrial lot | 51 rue Rice, Edmundston | Madawaska |
| 35135045 | 258857 | Industrial Lot | 53 Rue Rice, Edmundston | Madawaska |
| 35135052 | 258865 | Industrial Lot | 57 Rue Rice, Edmundston | Madawaska |
| 35135060 | 258873 | Industrial Lot | 61 Rue Rice, Edmundston | Madawaska |
| 35144088 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35147065 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35147495 | 271300 | Steam line & lot | Rue Ferry, Edmundston | Madawaska |
| 35160662 | 139451 | Industrial Lot | Acadie Boulevard, Edmundston | Madawaska |
| 35165745 | 4525450 | Industrial Lot | Route 2, Edmundston | Madawaska |
| 35173400 | 5666152 | Land | 570 Rue Victoria, Edmundston | Madawaska |
| 35176791 | 128044 | | Ile Turtle, Baker Brook | Madawaska |
| 35176809 | 128044 | | Ile Daigle, Baker Brook | Madawaska |
| 35176817 | 128044 | | Ile Baker, Baker Brook | Madawaska |
| 35176825 | 128044 | | Ile 5, Baker Brook | Madawaska |
| 35176882 | 128044 | | Cnr, Baker Brook | Madawaska |
| 35181411 | 258297 | Res. Vacant Lot | 1 rue Aqueduc, Edmundston | Madawaska |
| 35181429 | 258310 | Vacant Lot | 11 Rue Aqueduc, Edmundston | Madawaska |
| 35181437 | 258310 | Res. Vacant Lot | Rue Aqueduc, Edmundston | Madawaska |
| 35181445 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35181494 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35181569 | 3556238 | Park du Centennaire Z1 | 65 rue Victoria, Edmundston | Madawaska |
| 35181577 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35181585 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35181619 | 5533951 | Industrial lot | 47 rue Rice, Edmundston | Madawaska |
| 35181668 | 271300 | Steam line & lot | Rue Ferry, Edmundston | Madawaska |

| | | | | |
|---|---|---|---|---|
| 35186519 | 142682 | Landfill site lot 13 | Acadie Boulevard, Edmundston | Madawaska |
| 35186667 | 4687765 | Landfill site | Chemin Canada, Edmundston | Madawaska |
| 35194125 | 4631942 | A & B Pipeline P-36 & 37 | Rue Grondin, Saint-Basile | Madawaska |
| 35194133 | 4631942 | A & B Pipeline P-36 & 37 | Rue Pelletier, Saint-Basile | Madawaska |
| 35194950 | 101440 | Kennedy Island 8 & P123 | Madawaska | Madawaska |
| 35200799 | 101440 | Kennedy Island 8 & P123 | François-de-Madawaska | Madawaska |
| 35200807 | 101440 | Kennedy Island 8 & P123 | François-de-Madawaska | Madawaska |
| 35200815 | 101440 | Kennedy Island 8 & P123 | François-de-Madawaska | Madawaska |
| 35200823 | 110627 | Terrain Vacant P-123 | François-de-Madawaska | Madawaska |
| 35233964 | 3965982 | Residential Lot | Hebert Avenue, Edmundston | Madawaska |
| 35248392 | | | Riviera Ave, Edmundston | Madawaska |
| 35257476 | 3629015 | Land fill site | Route 2, Edmundston | Madawaska |
| 35265651 | 267872 | Pipeline, Marina & Lot | 116 rue Victoria, Edmundston | Madawaska |
| 35270644 | 4747565 | Lagoon and Buildings | | Madawaska |
| 35273648 | 258328 | Industrial Lot | 27 rue Aqueduc, Edmundston | Madawaska |
| 35320837 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35320845 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35320852 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35320886 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35320902 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35320910 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35320928 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
| 35320936 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |

| 35320944 | 5759094 | Land and Pulp Mill | Edmundston | Madawaska |
|---|---|---|---|---|
| 35320985 | 5666152 | Land | Rue Victoria, Edmundston | Madawaska |
| 35320993 | 250786 | | Rue Victoria, Edmundston | Madawaska |
| 35321009 | 250786 | Pipeline, Marina & Lot | 254 Rue Victoria, Edmundston | Madawaska |
| 35321017 | 250786 | Pipeline, Marina & Lot | Rue Victoria, Edmundston | Madawaska |
| 35321025 | 250786 | Pipeline, Marina & Lot | Rue Victoria, Edmundston | Madawaska |
| 35321033 | 250786 | Pipeline, Marina & Lot | Rue Victoria, Edmundston | Madawaska |
| 35321041 | 250786 267872 | Pipeline, Marina & Lot | Rue Victoria, Edmundston | Madawaska |
| 35321058 | 267872 | Pipeline, Marina & Lot | 116 rue Victoria, Edmundston | Madawaska |
| 35321066 | 110627 | Terrain Vacant P-123 | Madawaska | Madawaska |
| 35321074 | 101440 | Kennedy Island 8 & P123 | Madawaska | Madawaska |
| 35321082 | 101440 | Kennedy Island 8 & P123 | Madawaska | Madawaska |
| 35321488 | 5700320 | Quisibis Island | Madawaska | Madawaska |
| 35321496 | 5700320 | Quisibis Island | Madawaska | Madawaska |
| 35321504 | 5700320 | Quisibis Island | Madawaska | Madawaska |
| 35321512 | 5700312 | Quisibis Island | Madawaska | Madawaska |
| 35321520 | 5700312 | Quisibis Island | Madawaska | Madawaska |
| 65203556 | 5229489 | Vacant Land (by River) | Route 108, Plaster Rock | Victoria |
| 65203564 | 5757416 | Vacant Land (by River) | Route 108, Plaster Rock | Victoria |
| 65203705 | 5229463 | Vacant Land (by River) | Tobique River Road, Plaster Rock | Victoria |
| 10001600 LT | 373827 | Office Building and Lot | Mill Road, Juniper | Carleton |
| 10004865 LT | 377229 | Sawmill Complex and Land | Juniper Road, Juniper | Carleton |
| 35064930 LT | 180038 | Lagoon and Buildings | Chemin Cnr, Saint-Basile | Madawaska |

| | | | | |
|---|---|---|---|---|
| 35147305 LT | 5759094 | Land and Pulp Mill | 365 Chemin Canada, Edmun | Madawaska |
| 35194489 LT | 180038 | Lagoon and Buildings | Chemin Cnr, Saint-Basile | Madawaska |
| 35194497 LT | 180038 | Lagoon and Buildings | Fleuve Saint Jean, Saint-Basile | Madawaska |
| 35194505 LT | 180038 | Lagoon and Buildings | Fleuve Saint Jean, Saint-Basile | Madawaska |
| 35194513 LT | 180038 | Lagoon and Buildings | Rue Principale, Saint-Basile | Madawaska |
| 35194521 LT | 180038 | Lagoon and Buildings | Chemin Cnr, Saint-Basile | Madawaska |
| 35194539 LT | 180038 | Lagoon and Buildings | Chemin Cnr, Saint-Basile | Madawaska |
| 35198571 LT | 180038 | Lagoon and Buildings | Chemin Cnr, Saint-Basile | Madawaska |
| 35198589 LT | 180038 | Lagoon and Buildings | Chemin Cnr, Saint-Basile | Madawaska |
| 35198597 LT | 180038 | Lagoon and Buildings | Chemin Cnr, Saint-Basile | Madawaska |
| 35198605 LT | 180038 | Lagoon and Buildings | Chemin Cnr, Saint-Basile | Madawaska |
| 35198613 LT | 180038 | Lagoon and Buildings | Chemin Cnr, Saint-Basile | Madawaska |
| 35330216 LT | 5759094 | Land and Pulp Mill | Chemin Cnr, Edmundston | Madawaska |
| 35330604 LT | 5742160 | Maintenance building and lot | Edmundston | Madawaska |
| 65203549 LT | 288959<br>5720817<br>3719975 | Fraser Sawmill/Land/Golf Course | Route 108, Plaster Rock | Victoria |

# LANDS

| | |
|---|---|
| 27 Rice Street, Edmundston NB E3V 1S9 | Pulp and Energy Operations |
| 130 Juniper Road, Juniper NB E7L 1J3 | Lumbermill |
| 31 Renous Road, Plaster Rock NB E7G 4B5 | Lumbermill |

Descriptions Attached

EDMUNDSTON

**Schedule A | Annexe A**

**PID | NID :** 35147305

**Apparent Parcel Access | Accès apparent à la parcelle :** Public Access | Accès public

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-05-01 13:44:29

**Legal Description | Description officielle :**

Place Name: City of Edmundston

Parish / County: Madawaska/Madawaska

Described as follows:

All that certain lot, piece or parcel of land and premises situate, lying and being in the City of Edmundston, County of Madawaska and Province of New Brunswick described as follows: "Beginning at the intersection of the property line between Fraser Papers Inc./Papiers Fraser Inc. (document 21972865, PID 35330216) and Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35147305) with the northeasterly limit of Canada Road; thence following the said property line in a northerly direction to the limit of the ordinary high water mark of the Madawaska River; thence following the said river in a downstream direction to the property line between of Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35147305) and Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35320886); thence going in a southwesterly direction along the northwesterly property lines of Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35320886), Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35147065) and along the northwesterly limit of Rice Street until the property line between Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35147305) and Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35181619, lot 5 registered plan 1507); thence following the said property line in a direction N60°-53W for a distance of 30.48 meters (100 feet); thence going in a direction S29-07W along the northwesterly property lines of Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35181619, lot 5 registered plan 1507), Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35135037, lot 6 registered plan 1507), Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35135045, lot 7 registered plan 1507), Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35135052, lot 8 registered plan 1507), Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35135060, lot 9 registered plan 1507), Paul Raymond (document 173112, book 650, page 401, lot 10 registered plan 1507), Paul Raymond & Jocelyne Raymond (document 23563290, lot 11 registered plan 1507) and Edmundston Auto Ltd./Edmundston Auto Ltée. (document 23412647, lot 12 registered plan 1507) for a distance of 143.98 meters (472.40 feet); thence following the property line between Edmundston Auto Ltd./Edmundston Auto Ltée. (document 23412647) and Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35147305) in a direction N55 degrees-35W for a distance of 2.92 meters or to a point having New Brunswick Grid Coordinates east 2361743.893 meters and north 7597863.029 meters; thence following the property line between Edmundston Auto Ltd./Edmundston Auto Ltée (document 23412647, Parcelle 2004-A registered plan 20149531) and Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35147305) in a direction 305 degrees-48'-00" for a distance of 86.11 meters; thence following the property line between Edmundston Auto Ltd./Edmundston Auto Ltée (document 23412647, Parcelle 2004-A registered plan 20149531)

and Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35147305) in a direction 213 degrees 20'-40" for a distance of 41.21 meters to the rear property line of Naquib Anawati (document 114155, book M-12, page 747, registered plan 893); thence going in a northwesterly direction along the northeasterly property lines of Naquib Anawati (document 114155, book M-12, page 747, registered plan 893), Germain Gagnon & Wilda Gagnon (document 122584, book U-13, page 522), Lucienne Germain (document 183815, book 731, page 239), Lucienne Germain (document 12818531, book 1012, page 34), André Rino Ouellet (document 24567043), Luc Bélanger & Marie Line Bélanger (document 13398848), Robert M. Levesque

30



**Schedule A | Annexe A**

(document 169823, book 631, page 73, lot 90-02 registered plan 6845); Levesque Electronics Inc. (document 159607, book W-20, page 318, lot 90-01 registered plan 6845),Madawaska Council No. 830 the Order of United Commercial Travellers of America Inc. (document 12108339, lot 3 registered plan 3631), Armand Bouchard & Jacqueline Bouchard (document 107409, book N-11, page 856, lot 4 registered plan 3631), Uapro Inc. (document 195765, book 829, page 389, registered plan 660), Langis Bélanger (document 207145, book 915, page 248), Roderick Long & Rollande Long (document 16466220), Lucien Bellefleur (document 78451 book 57, page 448), Patrick Lord (document 187951, book 765, page 41, registered plan 1920), Patrick Bouchard (101045, book Q-10, page 688), Jean-Claude D'Amours & Hélène Thériault (document 23123244); Jimmy Bossé (document 190759, book 789, page 40), Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35320944, registered plan 399), Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35320928, registered plan 399), Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35320910, registered plan 399) and *Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 &* 18886219, PID 35320902, registered plan 399) until the northwesterly property line of Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35320902, registered plan 399); thence following the property line between Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35147305) and Fraser Papers Inc./Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35320902, registered plan 399) in a southwesterly direction for a distance of 30.48 meters (100 feet) to the northeasterly limit of Canada Road; thence following the said limit in a northwesterly direction to the point of beginning."

SUBJECT to an easement granted to Edmundston by two documents dated November 8, 2004 and registered in the Madawaska County Registry Office on November 17, 2004 as number 19474130 & 19474270 and as fully outlined on two survey plans By Pierre J.-M. Picard, N.B.L.S., of Arpenteurs du Nord Ltée, each of which is dated September 17, 2004 and entitled "Plan d'Arpentage Démontrant le Droit de Servitude et de Passage à être acquis par Edmundston", said survey plans being registered as plan file numbers 19474072 & 19474189.

BEING one of several parcels of land conveyed to Fraser Papers Inc./Papiers Fraser Inc. by a document dated June 27, 2004 and registered in the Madawaska County Registry Office on July 6, 2004 as number 18659954 and by a document dated June 30, 2004 and registered on August 10, 2004. The above documents being registered in the Madawaska County Registry Office

AND ALSO BEING the 2 parcels of land conveyed to Fraser Companies, Limited by a document dated March 26, 1923 and registered in the Madawaska County Registry Office on June 30, 1923 in book O-3, on page 387, as number 23893.

AND BEING the same lands as conveyed by a Deed from Fraser Papers Inc./Papiers Fraser Inc. to Fraser Papers Inc./Papiers Fraser Inc., approved on April 25, 2008 by Jacques Desjardins, Development Officer for Madawaska District Planning Commission, and registered in the Madawaska County Registry Office on April 25, 2008 as Number 25469769.

**Schedule A | Annexe A**

**PID | NID :** 35330218

**Apparent Parcel Access | Accès apparent à la parcelle :** Public Access | Accès public

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-19 10:54:51

**Legal Description | Description officielle :**

Place Name: Edmundston
Parish / County: Madawaska/Madawaska

Described as follows:

All that certain lot, piece or parcel of land and premises situate, lying and being in the City of Edmundston, County of Madawaska and Province of New Brunswick described as follows:

Beginning at the intersection of the property line between Fraser Papers Inc. Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35320951) and Brigitte Martin Robichaud (document 19930859) with the northeasterly limit of Canada Road; thence following the said property line and the rear property line of Trefflé Dupéré & Diane Dupéré (document 168219, book 616, page 385), Renald Beaulieu (document 148767, book P-18, page 98), Wilfred Beaulieu (document 127818, book P-14, page 651), Claudette Ringuette (document 128751, book T-14, page 795), Wilfrid Robichaud & Françoise Robichaud (documents 93731, book R-9, page 311) in a northerly direction to the property line between Edmundston (document 107476, book O-11, page 60) and Fraser Papers Inc. Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35320951); thence following the said property line in a northeasterly direction to the limit of the ordinary high water mark of the Madawaska River; thence following said river in a downstream direction to the property line between Fraser Papers Inc. Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35320951); and Fraser Papers Inc. Papiers Fraser Inc. (documents 18659954 & 18886219, PID 35147305); thence following said property line in a southerly direction until the northeasterly limit of Canada Road; thence following said limit in a northwesterly direction to a point situated at the intersection of the line between Lot 2006-01 and Parcel 2006-B, as outlined on Amending Subdivision Plan - Final Plan Survey of subdivision of Lot No. 2 Granted to Michel Tighe, surveyed by Pierre J.-M. Picard, NBLS, dated February 28, 2006, said point having New Brunswick Grid Coordinates east 2360795.198 meters and north 7598445.798 meters; thence following a direction 38 degrees, 55 minutes, 00 seconds for a distance of 59.16 meters; thence following a direction 125 degrees, 24 minutes, 30 seconds for a distance of 26.93 meters; thence following a direction 39 degrees, 44 minutes, 40 seconds for a distance of 65.53 meters; thence following a direction 313 degrees, 46 minutes, 50 seconds for a distance of 33.24 meters; thence following a direction 281 degrees, 36 minutes, 20 seconds for a distance of 57.17 meters; thence following a direction 194 degrees, 10 minutes, 40 seconds for a distance of 46.69 meters; thence following a direction 218 degrees, 55 minutes, 00 seconds for a distance of 58.51 meters to the northeasterly limit of Canada Road; thence following said limit in a northwesterly direction until the point of beginning."

SAVE AND EXCEPT part of a parcel of land conveyed to the Town of Edmundston by a document dated November 30, 1922 and registered in the Madawaska County Registry Office on June 14, 1923 in book O-3, page 217, as number 23837.

SAVE AND EXCEPT a parcel of land conveyed to the Town of Edmundston by a document dated May 2, 1944 and registered in the Madawaska County Registry Office on May 27, 1944 in book M-5, page 102, as number 40945.

BEING A CONSOLIDATION of 2 parcels of land, Parcel 2006-A and Parcel 2006-B as outlined on Amending Subdivision Plan - Final Plan Survey of subdivision of Lot No. 2 Granted to Michel Tighe, surveyed by Pierre J.-M. Picard, NBLS, dated February 28, 2006, with 2 parcels of land (PIDS 35320951 and 35186725) as conveyed to Fraser Papers Inc. Papiers Fraser Inc. by a document dated June 27, 2004 and registered in the Madawaska County Registry Office on July 6, 2004 as number 18659954 and by a document dated June 30, 2004 and registered in the Madawaska County Registry Office on August 10, 2004 as number 18886219.

Being the same lands as conveyed in to Fraser Papers Inc. Papiers Fraser Inc., Deed registered in the Madawaska County Registry Office on April 19, 2006 as Document #21972865.

**Schedule A | Annexe A**

TOGETHER WITH A BENEFIT of a Right of Way and an Easement as described in Transfer from Fraser Papers Inc. Papiers Fraser Inc. to Acadian Timber GP Inc. registered on July 18, 2006 in the Madawaska County Registry Office as number 22448709, and shown as Right of Way and Easement No. 2 on an Amending Subdivision Plan - Final Plan Survey of subdivision of Lot No. 2 Granted to Michel Tighe, surveyed by Pierre J.-M. Picard, NBLS, dated February 28, 2006 and registered in the Madawaska County Registry Office on April 19, 2006 as Plan 21971677.

33



**Schedule A | Annexe A**

**PID | NID :** 35330604

**Apparent Parcel Access | Accès apparent à la parcelle :** Public Access | Accès public

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-18 15:56:48

**Legal Description | Description officielle :**

Municipality: City of Edmundston
Parish: Madawaska
County: Madawaska
Description: Lot 2006-01
Plan: 22117635
County Registered: Madawaska
Date Registered: 2006-05-18
Name of Plan: Plan d'Arpentage, démontrant le lot 2006-1, Fraser Papers Inc. Papier Fraser Inc.

34



**Schedule A | Annexe A**

**PID | NID :** 35194497

**Apparent Parcel Access | Accès apparent à la parcelle :** Private Access | Accès privé

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-25 08:49:47

**Legal Description | Description officielle :**

All that certain lot, piece or parcel of land and premises, lying and being in the City of Edmundston, Parish of St-Basile, in the County of Madawaska and Province of New Brunswick, and being more particularly bounded and described as follows:

Beginning at the intersection of the northerly bank or shore of the Saint John River with the division line of land owned by Martin Ready Mix Ltd. with land owned by Dube Construction Co. Ltd. at Iroquois in the Parish of Saint Basile, thence following said division line in a northerly direction for a distance of four hundred feet (400') more or less, to a point, thence in an easterly direction parallel to the Saint John River and maintaining a distance of four hundred feet (400') therefrom for a distance of seven hundred feet (700'), more or less, to the division line between lands owned by Isidore Cyr and Dube Construction Co. Ltd., thence following said division line in a southerly direction for a distance of four hundred feet (400'), more or less, to the northerly bank or shore of the Saint John River, thence following the various courses of the bank or shore of the Saint John River upstream to the place or point of beginning.

TOGETHER WITH A BENEFIT OF a right-of-way to the Grantee, its servants, employees or agents or others with authority to enter upon and over the lands herein described from the Highway Road following an existing road leading to the River aforesaid with truck or other vehicles at all times for all purposes. Said right-of-way being given to the Grantee, its successors and assigns.

Being the same lands and premises conveyed by Dube Construction Co. Ltd. to Fraser Companies, Limited by Deed dated December 8, 1970 and registered in the Madawaska County Registry Office on December 17, 1970 in Book L-8 at page 629 as Number 085128.

**Schedule A | Annexe A**

**PID | NID :** 35194489

**Apparent Parcel Access | Accès apparent à la parcelle :** Private Access | Accès privé

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-20 16:10:14

**Legal Description | Description officielle :**

All that certain lot, piece or parcel of land and premises, lying and being in the City of Edmundston, Parish of St. Basile, in the County of Madawaska and Province of New Brunswick, and being more particularly bounded and described as follows:

Beginning at the intersection of the northeastern bank or shore of the St. John River with the division line between lands owned by Raoul Lee and Gerald Dupont at Iroquois, in the Parish of St. Basile; thence following said division line in a direction North fifty-one degrees East (N51 degrees 00 minutes E) to the southerly limits of the Canadian National Railway right-of-way; thence following the southerly limits of the Canadian National Railway right-of-way in an easterly direction to the division line between lands owned by Gerald Dupont and Raoul Jalbert; thence following said division line in a direction South fifty-one degrees twenty minutes West (S51 degrees 20 minutes W) to the northeastern bank or shore of the St. John River; thence following the bank or shore of the St. John River upstream to the place or point of beginning.

TOGETHER WITH A BENEFIT OF A right-of-way upon and across the lands of Felix Cormier, extending from the public highway to connect with and form part of the roadway approach to the joint farm crossing at Mile 109.7 of the Grand Falls sub-division of the Canadian National Railway as described in agreement dated June 10, 1942 between Felix Cormier et al and the Canadian National Railway, being duly recorded in the Madawaska County Records in Book J-5, Page 239, No. 39111.

Being the same lands and premises conveyed by Gerald Dupont and wife to Fraser Companies, Limited by Deed dated December 8, 1970 and registered in the Madawaska County Registry Office on December 10, 1970 in Book L-8 at page 522 as Number 085103.

**Schedule A | Annexe A**

**PID | NID :** 35194505

**Apparent Parcel Access | Accès apparent à la parcelle :** Private Access | Accès privé

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-20 09:04:09

**Legal Description | Description officielle :**

All that certain lot, piece or parcel of land and premises, lying and being in the City of Edmundston, Parish of St-Basile, in the County of Madawaska and Province of New Brunswick, and being more particularly bounded and described as follows:

Beginning at the intersection of the northerly bank or shore of the Saint John River with the division line between lands owned by Gerald Dupont and Martin Ready Mix Ltd., at Iroquois in the Parish of Saint Basile, thence following said division line in a northerly direction for a distance of two hundred feet (200') more or less, to a point, thence in an easterly direction parallel to the Saint John River and maintaining a distance of two hundred feet (200') therefrom, to the division line between lands owned by Dube Construction Co. Ltd. and Martin Ready Mix Ltd., thence following said division line in a southerly direction for a distance of two hundred feet (200') more or less, to the northerly bank or shore of the Saint John River upstream to the place or point of beginning.

TOGETHER WITH A BENEFIT OF a certain right-of-way excepted and reserved unto Martin Ready Mix Ltd. described in Deed dated October 2, 1969 from Martin Ready Mix Ltd. to Raoul Jalbert, recorded in the Madawaska County Records in Book D-8, Page 453 as No. 82740.

Being the same lands and premises conveyed by Martin Ready Mix Ltd. to Fraser Companies, Limited by Deed dated December 14, 1970 and registered December 17, 1970 in the Madawaska County Registry Office in Book L-8 at Page 632 as Number 085129.

37



Schedule A | Annexe A

PID | NID : 35194513

Apparent Parcel Access | Accès apparent à la parcelle : Public Access | Accès public

Status | État de la demande : Current | Courant

Effective Date/Time | Date et heure de prise d'effet : 2008-03-19 15:57:26

Legal Description | Description officielle :

All that certain lot, piece or parcel of land and premises, lying and being in the City of Edmundston, Parish of St-Basile, in the County of Madawaska and Province of New Brunswick, and being more particularly bounded and described as follows:

Beginning at the intersection of the northerly bank or shore of the Saint John River with the division line between lands owned by Dube Construction Co. Ltd. and Isidore Cyr; thence in a northerly direction following the division line between lands owned by Dube Construction Co. Ltd. and Isidore Cyr for a distance of four hundred feet (400'), more or less, thence continuing in the same direction along the line dividing the lands of Raoul Jalbert and Isidore Cyr to the southern limits of the Public Highway (Route No. 2); thence following the southern limits of the Public Highway (Route No. 2) in an easterly direction to the division line between lands owned by Isidore Cyr and Oneil Corneau; thence following said division line in a southerly direction to the northerly bank or shore of the Saint John River; thence following the bank or shore of the Saint John River upstream to the place or point of beginning.

SAVING AND EXCEPTING THEREOUT AND THEREFROM that parcel of land for a railway conveyed to the Commissioners of the Transcontinental Railway by Alexis B. Cyr by deed dated June 1, 1910 recorded in the Madawaska County records in book M-1, page 533 as No. 11789.

Being the same lands and premises conveyed by Isidore Cyr to Fraser Companies, Limited by Deed dated December 7, 1970 and registered in the Madawaska County Registry Office on December 10, 1970 in Book L-8 at Page 512 as Number 085100.

38



**Schedule A | Annexe A**

**PID | NID :** 35064930

**Apparent Parcel Access | Accès apparent à la parcelle :** No Access | Aucun accès

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-25 08:56:45

**Legal Description | Description officielle :**

All that certain lot, piece or parcel of land and premises, lying and being in the City of Edmundston, Parish of St-Basile, in the County of Madawaska and Province of New Brunswick, and being more particularly bounded and described as follows:

Beginning at the intersection of the northerly bank or shore of the St. John River with the easterly property line of lands owned by Gerald Dupont at Iroquois, in the Parish of St. Basile, thence following said property line in a northerly direction to the southerly limits of the Canadian National Railway right-of-way; thence following said limits of the Canadian National Railway right-of-way in an easterly direction to the property line of lands owned by Isidore Cyr; thence in a southerly direction along the said property line to the bank or shore of the St. John River; thence following the bank or shore of the St. John River upstream to the place or point of beginning;

EXCEPTING THEREOUT AND THEREFROM, a strip of land two hundred feet (200') in width bordering the St. John River sold to Martin Ready-Mix Limited by Raoul Jalbert by Deed dated October 2, 1969, being duly recorded in the Madawaska County Records in Book D-8, Page 452 as No. 82739.

ALSO EXCEPTING THEREOUT AND THEREFROM, a strip of land four hundred feet (400') in width bordering the St. John River sold to Dube Construction Co. Ltd. by Raoul Jalbert by Deed dated August 4, 1970, being duly recorded in the Madawaska County Records in Book I-8, Page 883 as No. 84458.

Being Parcel 1 of three parcels conveyed by Raoul Jalbert and wife to Fraser Companies, Limited by Deed dated December 7, 1970 and registered in the Madawaska County Registry Office on December 10, 1970 in Book L-8 at Page 525 as Number 85104.

**Schedule A | Annexe A**

**PID | NID :** 35194521

**Apparent Parcel Access | Accès apparent à la parcelle :** No Access | Aucun accès

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-20 08:55:17

**Legal Description | Description officielle :**

All that certain lot, piece or parcel of land and premises, lying and being in the City of Edmundston, Parish of St-Basile, in the County of Madawaska and Province of New Brunswick, and being more particularly bounded and described as follows:

Beginning at the intersection of the northerly bank or shore of the Saint John River with the division line between lands owned by Isidore Cyr and lands owned by Onell Comeau, thence following said division line in a northerly direction to the southerly limits of the Canadian National Railway right-of-way; thence following the southerly limits of said right-of-way in an easterly direction to the division line between lands owned by Onell Comeau and lands owned by Alcide Bouchard; thence following said division line in a southerly direction to the northerly bank or shore of the Saint John River; thence following the bank or shore of the Saint John River upstream to the place or point of beginning.

Being the same lands and premises conveyed by Onell Comeau and wife to Fraser Companies, Limited by Deed dated December 8, 1970 and registered in the Madawaska County Registry Office on December 10, 1970 in Book L-8 at Page 509 as Number 085099.

40



**Schedule A | Annexe A**

**PID | NID :** 35194539

**Apparent Parcel Access | Accès apparent à la parcelle :** No Access | Aucun accès

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-19 15:44:56

**Legal Description | Description officielle :**

All that certain lot, piece or parcel of land and premises, lying and being in the City of Edmundston, Parish of St-Basile, in the County of Madawaska and Province of New Brunswick, and being more particularly bounded and described as follows:

Beginning at the intersection of the northerly bank or shore of the Saint John River with the division line between lands owned by Onell Comeau and lands owned by Alcide Bouchard; thence following said division line in a northerly direction to the southerly limits of the Canadian National Railway right-of-way; thence following the southerly limits of the Canadian National Railway right-of-way in an easterly direction to the division line between lands owned by Alcide Bouchards and lands owned by Alfred Lajoie; thence following said division line in a southerly direction to the northerly bank or shore of the Saint John River; thence following the bank or shore of the Saint John River; thence following the bank or shore of the Saint John River upstream to the place or point of beginning.

Being Parcel 1 of the two parcels conveyed to Fraser Companies, Limited by Alcide Bouchard and wife, Grantors, and Severine Martin, widow of Napoleon Martin, Releasor, by Deed dated December 8, 1970 and registered in the Madawaska County Registry Office on December 10, 1970 in Book L-8 at Page 515 as Number 085101

41



**Schedule A | Annexe A**

**PID | NID :** 35198613

**Apparent Parcel Access | Accès apparent à la parcelle :** No Access | Aucun accès

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-20 08:57:02

**Legal Description | Description officielle :**

All that certain lot, piece or parcel of land and premises, lying and being in the City of Edmundston, Parish of St-Basile, in the County of Madawaska and Province of New Brunswick, and being more particularly bounded and described as follows:

Beginning at the intersection of the northerly bank or shore of the Saint John River with the division line between lands owned by Alcide Bouchard and lands owned by Alfred Lajoie; thence following said division line in a northerly direction to the southerly limits of the Canadian National Railway right-of-way; thence following the southerly limits of the Canadian National Railway right-of-way in an easterly direction to the division line between lands owned by Alfred Lajoie and lands owned by Olive Fournier; thence following said division line in a southerly direction to a point, said point being distant forty (40) rods from the northerly bank or shore of the Saint John River; thence westerly and parallel to the said Saint John River ten(10) rods to a point; thence southerly parallel to the division line of lands owned by Alfred Lajoie and Olive Fournier forty (40) rods or to the northerly bank or shore of the Saint John River; thence following the bank or shore of the Saint John River upstream to the place or point of beginning.

Being the same lands and premises conveyed by Alfred Lajoie and wife to Fraser Companies, Limited by Deed dated December 8, 1970 and registered in the Madawaska County Registry Office on December 10, 1970 in Book L-8 at Page 519 as Number 085102.

42



**Schedule A | Annexe A**

**PID | NID :** 35198589

**Apparent Parcel Access | Accès apparent à la parcelle :** No Access | Aucun accès

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-19 15:59:26

**Legal Description | Description officielle :**

All that certain lot, piece or parcel of land and premises, lying and being in the City of Edmundston, Parish of St-Basile, in the County of Madawaska and Province of New Brunswick, and being more particularly bounded and described as follows:

Beginning at the intersection of the northerly bank or shore of the Saint John River with the division line between lands owned by Alfred Lajoie and lands owned by Olive Fournier; thence following said division line in a northerly direction for a distance of 40 rods to a point; thence easterly and parallel to the bank or shore of the Saint John River for a distance of 10 rods to a point on the division line between lands owned by Alfred Lajoie and Olive Fournier; thence northerly along said division line to the southerly limit of the Canadian National Railway right-of-way; thence following the southerly limits of the Canadian National Railway right-of-way in an easterly direction to the division line between lands owned by Olive Fournier and lands owned by Edgar Fournier; thence following said division line in a southerly direction to the northerly bank or shore of Saint John River, thence following the bank or shore of the Saint John River upstream to the place or point of beginning.

Being the same lands and premises conveyed by Mrs. Olive Fournier to Fraser Companies, Limited by Deed dated December 7, 1970 and registered in the Madawaska County Registry Office on December 10, 1970 in Book L-8 at Page 506 as Number 085098.

**Schedule A | Annexe A**

**PID | NID :** 35198597

**Apparent Parcel Access | Accès apparent à la parcelle :** Private Access | Accès privé

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-20 16:03:16

**Legal Description | Description officielle :**

All that certain lot, piece or parcel of land and premises lying and being in the City of Edmundston, Parish of St-Basile, in the County of Madawaska and Province of New Brunswick, and being more particularly bounded and described as follows:

Beginning at the intersection of the northerly bank or shore of the Saint John River with the division line between lands owned by Edgar Fournier and lands owned by Ronald Bois; thence following said division line in a northerly direction to the southerly limits of the Canadian National Railway right-of-way; thence following the southerly limits of the Canadian National Railway right-of-way in an easterly direction to the division line between lands owned by Ronald Bois and lands owned by Leonide Souncy; thence following said division line in a southerly direction to the northerly bank or shore of the Saint John River; thence following the bank or shore of the Saint John River upstream to the place or point of beginning.

TOGETHER with a road right-of-way, in common with others, being sixty feet (60') in width, leading from the public highway No. 2 and following the top of the western embankment of Bois Brook, so-called (Lavoie Brook), to the northerly limit of the Canadian National Railway right-of-way.

Being Parcel 1 of the two parcels conveyed by Ronald Bois and wife to Fraser Companies, Limited by Deed dated December 7, 1970 and registered in the Madawaska County Registry Office on December 10, 1970 in Book L-8 at Page 502 as Number 085097.

44



**Schedule A | Annexe A**

**PID | NID :** 35198605

**Apparent Parcel Access | Accès apparent à la parcelle :** No Access | Aucun accès

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-20 14:20:19

**Legal Description | Description officielle :**

All that certain lot, piece or parcel of land and premises situate, lying and being in the City of Edmundston, Parish of St-Basile, County Madawaska and Province of New Brunswick and being more particularly bounded and described as follows:

A lot of land containing fifty-five acres, more or less, bounded on the south by the Saint John River; on the north by the 470 foot elevation or contour of the northern bank of Lavoie Brook, said contour being southerly of the Canadian National Railways right-of-way; on the upper or westerly side by land owned and occupied by Fraser Companies, Limited (former Ronald Bois property); on the lower or easterly side by land owned and occupied by Damase Theriault. Being portions of Lot Nos. 28 and 29, First Tier, Parish of St-Basile.

Being the same lands and premises conveyed by Conrad Soucy and wife to Fraser Companies, Limited by Deed dated July 29, 1971 and registered in the Madawaska County Registry Office on August 6, 1971 in Book S-8 at Page 151 as Number 086632.

**Schedule A | Annexe A**

**PID | NID :** 35198571

**Apparent Parcel Access | Accès apparent à la parcelle :** No Access | Aucun accès

**Status | État de la demande :** Current | Courant

**Effective Date/Time | Date et heure de prise d'effet :** 2008-03-20 09:01:45

**Legal Description | Description officielle :**

All that certain lot, piece or parcel of land and premises, lying and being in the City of Edmundston, Parish of St-Basile, in the County of Madawaska and Province of New Brunswick, and being more particularly bounded and described as follows:

Beginning at the intersection of the northerly bank or shore of the Saint John River with the division line between lands owned by Olive Fournier and lands owned by Edgar Fournier, thence following said division line in a northerly division to the southerly limits of the Canadian National Railway right-of-way; thence following the southerly limits of the Canadian National Railway right-of-way in an easterly direction to the division line between lands owned by Edgar Fournier and lands owned by Ronald Bois; thence following said division line in a southerly direction to the northerly bank or shore of the Saint John River; thence following the bank or shore of the Saint John River upstream to the place or point of beginning.

Being Parcel 1 of the two parcels conveyed by Hon. Edgar E. Fournier and wife to Fraser Companies, Limited by Deed dated December 10, 1970 and registered in the Madawaska County Registry Office on December 17, 1970 in Book L-8 at Page 635 as Number 085130.

**SCHEDULE "A"**

**SCHEDULE "A"**

#1

PID# 35176791

All that certain piece, parcel or lot of land situate, lying and being in the Parish of St. Hilaire, in the County of Madawaska, in the Province of New Brunswick, and being part of Big Island, so called in the River St. John containing 27.25 acres more or less, bounded on the north and south cy the River St. John, on the east by part of the same Island formerly owned by Joseph Belanger, o the west by part of the same Island owned by Phalias Daigle, measuring hereby to convey all the land claimed or owned by the said Felix Daigle on the said Big Island.

Also that other piece or parcel of land situate in the Parish of St. Halaire, in the County of Madawaska, in the Province of New Brunswick and being Island No. 6 and containing 19.92 acres more or less. Said premises having been formerly conveyed to the said Felix Daigle by one Zephrim Daigle and wife by deed dated May 26, 1894 recorded in Book 4 at page 302 of the Madawaska County records, and the said premises conveyed to the said Zephirm Daigle by one Augustin Daigle by deed dated November 26, 1866 and recorded in Book B page 528 as No. 667 of the Madawaska County records.

Being the same lands and premises conveyed by Felix Daigle and wife to Fraser Companies, Limited by Deed dated the 21st day of December 1928 and registered in the Madawaska Registry Office on January 3, 1929, 1929, in Book K-4 at Page 771, as Number 28848.

#2

**PID# 35176809**

ALL that certain piece, parcel or lot of land situate, lying and being in the Parish of St. Hilaire, in the County of Madawaska, in the Province of New Brunswick and known as parcel of Big Island in the River St. John and situate on the south east corner of the said Island, bounded on the south by the Rivers Cain and John, on the northeast and on the northwest by part of the same Island formerly owned by Irenie Daigle, said piece of land hereby conveyed containing 15.10 acres and containing all the land owned and claimed by the said Elais Daigle on the said Island. Being the south piece of land conveyed to the said Elais Daigle by the heirs of the late Isadore Daigle by a Deed of partition dated April 1st 1906 registered in Book G-1 at page 218 of the Madawaska County records and conveyed to the said Isidore Daigle by one Halariou Daigle by deed dated December 9, 1861 and recorded in Book D at Page 155 of the Victoria County records.

Being the same lands and premises conveyed by Elais Daigle to Fraser Companies, Limited by Deed dated the 24th day of December 1928 and registered in the Madawaska Registry Office on January 3, 1929, in Book K-4, at page 768, as number 28847.

#3

PID # 35176825

All that certain piece, parcel or lot of land situate, lying and being in the Parish of St. Hilaire, in the County of Madawaska in the Province of New Brunswick, and bounded and described as follows: -

On the south by the River St. John, on the east by line dividing land between Felix Daigle and the said Dawase Daigle on the north by the right of way of the Canadian National Railway, on the west by the line dividing land owned by the estate of the late Hector Daigle; Said piece of land comprising all the land owned by the grantor situate between the River St. John and the right-of-way of the transcontinental Railway, and containing 1.72 acres more or less and being part of lot No. 64 conveyed to the said Dawase Daigle by one Raphael Daigle by deed dated October 17, 1894, and recorded in Book O Page 643 Madawaska County Records and conveyed to the said Raphael Daigle by one Augustus Daigle by deed dated July 7, 1868 and recorded in Book F page 29 of the Victoria County records and conveyed to the said Augustus Daigle by one Henri Chasse by deed recorded in Book "A" Page 219 of the Victoria County records.

Also all that certain piece, parcel or lot of land known as the Small Island on the River St. John in front of lot No. 64 and containing 3 acres more or less.

BEING the same lands and premises as described in a Deed dated December 20, 1928 between Dawase Daigle and Modeste Daigle as grantors and Fraser Companies, Limited as grantee, which Deed was duly registered in the Madawaska County Registry Office on January 3,1929 in Book K-4 at Pages 765-767 as Number 28846.

#4

**PID# 35176817**

ALL THAT CERTAIN piece, parcel or lot of land situate, lying and being in the Parish of St. Hilaire, in the County of Madawaska, in the Province of New Brunswick, and being an Island in the River St. John known as the Xavier Cyr Island and measuring 6.28 acres more or less and being situate above the mouth of Baker Brook.

Being the same lands and premises conveyed by Xavier Cyr and wife to Fraser Companies, Limitee by Deed dated the 29th day of October 1929 and registered in the Madawaska Registry Office on April 10, 1929, in Book M-4 at page 734, as number 29068.