IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FRASER PAPERS INC., et al.[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 09-12123 (KJC)<br><br>Jointly Administered<br><br>RE: D.I.s 171, 189 |

**SUPPLEMENTAL ORDER (A) AUTHORIZING AND APPROVING SALE PROCEDURES IN CONNECTION WITH SALE OF GORHAM NEW HAMPSHIRE MILL AND RELATED ASSETS, (B) SCHEDULING HEARING TO CONSIDER SALE OF ASSETS, AND (C) AUTHORIZING AND APPROVING NOTICE PROCEDURES**

Upon the motion (the "Motion"),[2] of Fraser Papers Inc. ("Fraser"), as foreign representative of Fraser and its affiliated captioned debtors and participants (collectively, with Fraser, the "Debtors") in proceedings (the "Canadian Proceedings") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), for entry of an order, as more fully described in the Motion, (i)(a) authorizing and approving the Sale Procedures in connection with the Sale, by Debtor Fraser N.H., of the Gorham Mill; (b) setting the Sale Hearing and setting objection and offer deadlines with respect to the Sale; and (c) authorizing and approving the form of Sale Notice, and approving the Notice Procedures; (ii) authorizing and approving the sale of the Assets, pursuant to the form of asset purchase agreement (the "Sale Agreement") to be provided to the interested parties, free and clear of liens, claims, encumbrances, and interests, pursuant to section 363 of the Bankruptcy Code, except as

---

[1] These jointly administered cases are those of the following debtors: Fraser Papers Inc., FPS Canada Inc., Fraser Papers Holdings Inc., Fraser Timber Limited, Fraser Papers Limited, and Fraser N.H. LLC

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

set forth in the final Sale Agreement; and (iii) granting such other and further relief as the Court deems just and proper; and the Court having reviewed and considered the Motion; and after due deliberation thereon, and good cause appearing therefore it is hereby

FOUND AND DETERMINED THAT:[3]

A. The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 157(b)(1) and 1334(b);

B. Venue of these cases and the Motion in this district is proper under 28 U.S.C. § 1410. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2);

C. Adequate notice of the Motion has been given as set forth therein and no other or further notice is necessary;

D. The legal and factual bases set forth in the Motion and the record in these proceedings establish just cause for the relief requested therein, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest;

E. The Debtors have established that they lack the financial means to adequately fund the future operations of the Gorham Mill and that therefore, there exists a sound business justification for an asset sale in order to preserve the going concern value of the enterprise; and therefor:

IT IS HEREBY ORDERED THAT:

1. The Sale Procedures, as set forth in the Motion, are incorporated herein and approved, and shall apply with respect to the sale of the Assets. The Debtors are authorized

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

to take all actions necessary or appropriate to implement the Sale Procedures.

2. As further described in the Sale Procedures, the deadline for submitting a binding form of offer for the Assets is **October 21, 2010**.

3. The Sale Hearing shall be held before this Court on **November 22, 2010 at 1:00 p.m.** (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

4. As soon as reasonably practicable after entry of this Sale Procedures Order, the Debtors will cause the Sale Notice, substantially in the form attached hereto as Schedule 1, and the Sale Procedures Order to be sent by first-class mail postage prepaid, to the following: (i) the U.S. Trustee, (ii) the Monitor, (iii) all taxing authorities or recording offices which have a reasonably known interest in the relief requested; (iv) all federal, state, and local regulatory authorities with jurisdiction over the Debtors; (v) all non-debtor parties to relevant contracts or leases; (vi) the general service list established in these chapter 15 cases pursuant to Bankruptcy Rule 2002; and (vii) any additional parties not on the general service list who received notice of the First Sale Order granted by the Court on July 14, 2010. In addition to the foregoing, (i) electronic notification of the Motion, the Sale Procedures Order and the Sale Notice also will be posted on the Court's website, www.deb.uscourts.gov.

5. Objections to the sale of the Assets, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on November 15, 2010, or such later date and time as the Debtors may agree; and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon: (i)

counsel to the Debtors: Thornton Grout Finnigan LLP, Suite 3200, Canadian Pacific Tower, 100 Wellington St. West, P.O. Box 329, Toronto-Dominion Centre, Toronto, Canada M5K 1K7, (Attention: D.J. Miller and Danny Nunes) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott and Ann C. Cordo); (ii) counsel to Brookfield Asset Management Inc., DIP Lender: Torys LLP, Suite 3000, 79 Wellington Street West, Box 270, TD Centre, Toronto, Canada M5K 1N2, (Attention: Tony DeMarinis and Natasha DeCicco), and Torys LLP, 237 Park Avenue, New York, New York 10017 (Attention: Alison D. Bauer), and (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Room 2207, Wilmington, Delaware 19801, Fax: (302) 573-6497 (Attn: David P. Klauder). All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

6. The Sale Notice is approved.

7. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties-in-interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE